UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VINCENT LOUIS WINTERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-cv-01031-AGF |
| ) | |
| ROBINSON, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is the motion of Plaintiff Vincent Louis Winters, a prisoner, for leave to proceed in forma pauperis in this civil action. (ECF No. 11). The Court has reviewed the motion and the financial information provided in support, and has determined to grant the motion, and assess an initial partial filing fee of $.60. The Court will direct the Clerk to administratively terminate Plaintiff's earlier-filed motion for leave to proceed in forma pauperis. Additionally, the Court will dismiss this action at this time, without further proceedings.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid. *Id.*

In support of the instant motion, Plaintiff submitted copies of financial documents that detail recent purchases and reflect an account balance of $2.99. The Court will therefore assess an initial partial filing fee of $.60, which is twenty percent of that account balance.

## Legal Standard on Initial Review

This Court is required to review a complaint filed in forma pauperis and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume all well-pleaded facts are true but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). District courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, or interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint[1]

Plaintiff is an inmate at the Will County Facility in Joliet, Illinois. He originally filed the Complaint in the United States District Court for the Northern District of Illinois. On August 18, 2023, the Honorable John J. Tharp, Jr. transferred the matter to this United States District Court on the basis of venue.

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against "Mr. Robinson," a St. Louis Police Officer; "(5) City Justice Center Correctional Officer's," and M.B. Lambert, a "U.S. Bounty Hunter." (ECF No. 1 at 2). In the caption of the Complaint, Plaintiff also identifies "Captain Commander" and "Deputy Sergeant." *Id.* at 1. Plaintiff alleges as follows.

On June 4, 2021, Mr. Robinson arrested Plaintiff "due to a 'Warrant' issue order out of 'Joliet, Will County, Illinois' for "Failure to register as a sex offender." (ECF No. 1 at 4). Plaintiff was detained at the St. Louis City Justice Center, and later "'Transported' to the Missouri County 'Work-House' facility." *Id.*

---

[1] In this Memorandum and Order, the Court quotes the Complaint verbatim without correction of errors, and without reproduction of the bolded typeface used in the Complaint.

3

On August 14, 2021, "(3) Correctional Officer's" opened Plaintiff's cell door and sprayed him with mace. *Id.* Plaintiff appears to allege that happened twice. About thirty minutes later, "the '(3) Correctional Officer's'" entered Plaintiff's cell, threw him down, removed his clothes, handcuffed and shackled him, placed him into a transport vehicle, and took him to the St. Louis City Justice Center. *Id.*

Plaintiff was seen by a nurse and placed in a jail cell. On August 15, 2021, Plaintiff was removed from his cell, "and instructed by the City Justice Center 'Captain' in command to be brought down to the 'Booking' area, where [Plaintiff] was 'handed' over to a Texas 'Bounty Hunter':['M.B. LAMBERT'], and 'Ordered' . . . to be taken to 'Joliet, Illinois.'" *Id.* Plaintiff "was taken in" at the Will County Detention Facility, seen by a doctor, and placed into a jail cell. *Id.* Plaintiff alleges no additional facts.

In setting forth his prayer for relief, Plaintiff asks this Court to "investigate" the foregoing events. *Id.* at 5. Plaintiff seeks no other form of relief.

## Discussion

Plaintiff specifies that he brings this action pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Court first addresses Plaintiff's allegations against Robinson, Lambert, "Captain Commander," and "Deputy Sergeant." Plaintiff identifies Robinson as a St. Louis Police Officer and alleges that Robinson arrested him pursuant to a warrant. Plaintiff identifies Lambert as a bounty hunter and alleges he was "handed over" to Lambert and taken to Joliet, Illinois. Plaintiff

4

alleges no facts permitting the inference that Robinson or Lambert violated Plaintiff's Fourth Amendment rights or any other federally-protected right, or engaged in any form of wrongdoing. Plaintiff also indicates an intent to sue defendants he identifies as "Captain Commander" and "Deputy Sergeant," but the Court can discern no allegations of wrongdoing against them.  In sum, the Complaint contains no allegations that can be construed as establishing that any of these defendants deprived Plaintiff of any federally-protected right, as necessary to state a plausible § 1983 claim.  Therefore, the Complaint fails to state a claim upon which relief may be granted against these defendants.  *See id.*

Plaintiff also names fictitious defendants in this matter.  In the section of the Complaint provided to identify the defendants, Plaintiff identifies "(5) City Justice Center Correctional Officer's."  *Id.*  However, in the caption of the Complaint, and in the section setting forth his claims for relief, Plaintiff specifies there are 3 fictitious correctional officer defendants. Generally, fictitious parties may not be named as defendants in a civil action.  *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994).  An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit identification of the party after reasonable discovery.  *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985).  In this case, while Plaintiff identifies the date and time of the incidents involving the fictitious defendants, he gives conflicting information about how many fictitious defendants he intends to sue.  Therefore, the fictitious defendants are not only unidentified; they appear to be indeterminate in number.  That is impermissible.  *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (held that suit naming "various other John Does to be named when identified" was not permissible).

5

Additionally, Plaintiff merely refers to the fictitious defendants collectively and describes conduct he believes was unlawful. Plaintiff fails to allege facts specific to any fictitious defendant that would show that defendant's causal link to, and direct responsibility for, any incident that deprived Plaintiff of his federally-protected rights. Therefore, even if it could be said that Plaintiff had provided sufficient information to permit the fictitious defendants to be identified following reasonable discovery, the Complaint would fail to state a plausible claim against them. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.").

Finally, it appears Plaintiff filed this action to compel a criminal investigation. This Court cannot, as Plaintiff requests, compel a criminal prosecution. *See Ray v. Dep't of Justice*, 508 F. Supp. 724, 725 (E.D. Mo. 1981) (stating that the initiation of a federal criminal prosecution is a discretionary decision within the Executive Branch and is not subject to judicial compulsion). A private citizen has no constitutional right, or any other basis, to compel a criminal investigation or have another person prosecuted for a crime. *See Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation."); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Therefore, to the extent the Complaint requests that a criminal investigation and/or prosecution be initiated, it is subject to dismissal.

After carefully reading and liberally construing the complaint, the Court concludes the claims Plaintiff intends to bring are neither plausible nor viable under 42 U.S.C. § 1983, and the Court would be unable to grant Plaintiff the relief he seeks. The Court will therefore dismiss the complaint at this time, without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 11) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall administratively terminate Plaintiff's earlier-filed motion for leave to proceed in forma pauperis.  (ECF No. 9).

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, Plaintiff must pay an initial filing fee of $.60.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 12th day of February, 2024.

_____
AUDREY G. FLEISSIG
SENIOR UNITED STATES DISTRICT JUDGE